# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER LEE PATTERSON,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>    Respondent. | Case No.  1:15-cv-01295-GSA-HC<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Los Angeles County Superior Court for forcible rape and forcible oral copulation, both of which occurred in 1997.  On May 9, 2011, Petitioner was sentenced to thirty two years in state prison.

    When a prisoner files a state habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618, 81 S. Ct. 338, 5 L. Ed. 2d 329 (1961)).  The instant petition attacks a judgment of conviction that was entered in the Los Angeles County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Central District of

California, Western Division.  See 28 U.S.C. § 84(c)(2).  Petitioner is presently confined at California Substance Abuse Treatment Facility, which is within the jurisdictional bounds of the Eastern District of California.  See 28 U.S.C. § 84(b).  Thus, jurisdiction exists in both the Eastern and Central Districts of California.

Petitions challenging convictions or sentences are preferably heard in the district of conviction.  See Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968).  Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined.  See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination.

Although Petitioner attempts to couch his arguments as challenges to the execution of his sentence, Petitioner's arguments that his sentence violates ex post facto laws and that his sentence should be governed by the determinate sentencing law of 1997 and the Three Strikes Law at the time of the offense, are clearly challenges to the sentence.  Therefore, Petitioner challenges a judgment issued by the Los Angeles County Superior Court, and venue is proper in the district of conviction, which is the Central District of California, Western Division.  Thus, this action will be transferred.

Accordingly, IT IS HEREBY ORDERED that the petition is transferred to the United States District Court for the Central District of California, Western Division.  The Court has not ruled upon Petitioner's motion to proceed in forma pauperis.

IT IS SO ORDERED.

Dated:   **August 26, 2015**              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE